IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE THOMAS BATES and
PATRICE ANN BATES,

                Plaintiffs,                                         OPINION and ORDER

    v.                                                                    11-cv-207-wmc

RICHARD J. NUSS,

                Defendant.

---

This is a proposed civil action that plaintiffs George Thomas Bates and Patrice Ann Bates, proceeding pro se, have filed against defendant Richard J. Nuss. Plaintiffs have been allowed to proceed without prepayment of costs and fees in this action, but the next step is determining whether the Bates's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because the Bates do not state a claim for relief under federal law, their complaint must be dismissed.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes the following facts alleged in the complaint:

- Plaintiffs George Thomas Bates and Patrice Ann Bates are adult residents of Fond du Lac, Wisconsin.

- Defendant Richard Nuss is a Circuit Court Judge in Fond du Lac, Wisconsin.

- On October 21, 2010, George Bates appeared in front of Judge Nuss in small claims court as a defendant.

- It was apparent that Judge Nuss had made his decision before George Bates walked into court.

- On November 8, 2010, George Bates retained an attorney to file a motion to reopen his case.

- On December 14, 2010, the Bates appeared in front of Judge Nuss for a hearing on the motion to reopen.

- Judge Nuss berated George and Patrice Bates. Then, instead of reopening the case, he moved forward with a trial.

- After evidence was presented, the judge dismissed the case against George Bates, but entered a default judgment against Patrice Bates.

- The plaintiffs in the small claims action attempted to garnishee Patrice Bates's wages. She completed a financial disclosure form, to which the plaintiffs objected.

- On March 17, 2011, the parties appeared before Judge Nuss again. He ordered that Patrice Bates fill out another financial disclosure form, which she agreed to do.

- At that hearing, Judge Nuss said that he even bends the law to help creditors collect their money.

OPINION

Plaintiffs George and Patrice Bates ask this court to reverse Judge Nuss's state court judgment because it was allegedly obtained by unconstitutional methods, and to order that their case be reopened and heard by "a non-biased entity." In effect, the Bates are asking this court to entertain a direct appeal from a state court judgment, something that is prohibited for a variety of reasons by the very constitution upon which plaintiffs would rely.

This court has no authority to entertain, much less grant, an appeal from a state circuit court judgment. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia*

2

*Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983), the United States Supreme Court held that federal district courts lack jurisdiction to entertain appeals of the decisions of a state's highest court. The *Rooker-Feldman* doctrine has been extended to apply to decisions of lower state courts. *E.g., Ritter v. Ross*, 992 F.2d 750, 755 (7th Cir. 1993); *Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990).

Under the *Rooker-Feldman* doctrine, a litigant may not obtain review of a state court judgment merely by recasting it as a civil rights action under § 1983. *Ritter*, 992 F.2d at 754. The doctrine bars a federal court from entertaining not only claims actually reviewed in state court, but also other claims, including constitutional claims, that are "inextricably intertwined" with the claims heard by the state court. *Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 598 (7th Cir. 1992) (quoting *Feldman*, 460 U.S. at 486). For this reason, the Bates's remedy, if any, from the alleged denial of a "fair trial" in through the state appellate system and, if denied federal constitutional rights after exhausting all state appeals, ultimately to the United States Supreme Court.

## ORDER

IT IS ORDERED that the complaint of plaintiffs George Thomas Bates and Patrice Ann Bates is DISMISSED for failure to state a claim for relief under federal law. The Clerk of Court is directed to close this case.

Entered this 7th day of September, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge